1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   PHILLIPS 66 COMPANY,                          No.  2:15-cv-0368-TLN-KJN

12                    Plaintiff,

13          v.                                      ORDER

14   PETROS RAI STATIONS, LLC, et al.,

15
                     Defendants.
16

17

18          Presently pending before the court is plaintiff's motion for default judgment, which was

19   filed on January 27, 2016, and is presently set for hearing on March 3, 2016.  (ECF No. 14.)

20   Defendants failed to file an opposition to plaintiff's motion in accordance with Local Rule 230(c).

21   After reviewing plaintiff's briefing in support of the motion, and without expressing any opinion

22   concerning its ultimate merits, the court finds that supplemental briefing would be beneficial to

23   the court's resolution of the motion.

24          First, in addition to seeking $479,387.34 in liquidated damages under the Branded

25   Reseller Agreement (the "Contract") with Petros Rai Stations, LLC ("Petros"), plaintiff also

26   alleges in its complaint that it is entitled to an additional $7,500 in the form of an Auto Gas

27   Replacement Program Payout.  (ECF No. 1 at 3.)  In support of its motion for default, plaintiff

28   provides a declaration specifying the provisions in the Contract that give rise to plaintiff's claim

                                                    1

1  for liquidated damages and the method it used to derive the amount of those damages.  However,

2  it does not provide a similar explanation as to why it is entitled to the $7,500 Auto Gas

3  Replacement Program Payout in connection with defendants' alleged breaches of contract.

4  Accordingly, plaintiff shall provide supplemental briefing explaining why it is entitled to the

5  $7,500 Auto Gas Replacement Program Payout as a result of defendants' alleged breaches of

6  contract.

7  　　　Plaintiff also seeks prejudgment interest pursuant to California Civil Code § 3289 in the

8  amount of $164,341.15 that accrued from the date of the alleged breaches to the date of entry of

9  default and additional prejudgment interest accruing at a rate of $133.39 per day until judgment is

10  entered.  While the Contract apparently contained a choice of law provision that resulted in

11  California law governing that agreement,[1] the alleged guaranty contract (the "Guaranty") between

12  plaintiff and defendant Amarit S. Rai ("Rai") that forms the basis of plaintiff's second cause of

13  action allegedly stated that it was to "be construed and enforced in accordance with and governed

14  by the laws of the State of Texas without regard to that State's choice of law principles."  (ECF

15  No. 1 at 47.)  In its prayer for relief, plaintiff alleges that Petros and Rai are jointly and severally

16  liable for the damages plaintiff requests, including any prejudgment interest.  However, plaintiff's

17  briefing fails to explain why its request for prejudgment interest with regard to defendant Rai

18  arises under California law, as opposed to Texas law, despite the alleged fact that the Guaranty

19  states that the Texas law governs that agreement.  Therefore, plaintiff shall provide the court with

20  supplemental briefing, with citation to relevant statutes, case law, and/or other authorities,

21  addressing why California law instead of Texas law applies to the potential award and

22  computation of prejudgment interest with regard to its claim against Rai under the Guaranty.

23  　　　Finally, plaintiff also seeks attorneys' fees in connection with defendants' alleged

24  breaches pursuant to attorneys' fees clauses allegedly contained in the Contract and Guaranty.  In

25  support of this request, plaintiff filed declarations providing the hourly rates of its attorneys, the

26

27  [1] As alleged in the complaint, the Contract was governed by the laws of the State where
    defendant's gas station was located.  (ECF No. 1 at 32.)  The complaint alleges that Petros

28  operated a gas station in Stockton, California.  (Id. at 2.)

1   number of hours billed by each attorney, and a brief description of the tasks its attorneys

2   collectively performed.  However, with the exception of attorney Dawn Ceizler, plaintiff's

3   declarations do not provide sufficient clarity as to what work was performed by which of its

4   attorneys or the amount of time they spent on each task.  Without further clarification as to what

5   work each attorney performed and how long that work took them to perform, the court cannot

6   adequately determine the reasonableness of plaintiff's requested attorneys' fees at this juncture.

7   Accordingly, plaintiff shall provide as part of its supplemental briefing evidence demonstrating

8   what tasks were performed by each of its attorneys on this matter and how long it took those

9   attorneys to perform each task.[2]

10          Accordingly, IT IS HEREBY ORDERED that:

11          1.   The March 3, 2016 hearing is vacated.

12          2.   By no later than March 24, 2016, plaintiff shall file supplemental briefing in support

13               of the motion for default judgment, as outlined above.

14          3.   Defendants shall file any opposition to the motion for default judgment, including the

15               supplemental briefing, by no later than April 7, 2016.

16          4.   Plaintiff may file a reply brief, if any, by no later than April 14, 2016.

17          5.   Thereafter, the motion will be submitted for decision on the record and written

18               briefing, unless the court subsequently determines that oral argument is necessary.

19          IT IS SO ORDERED.

20   Dated:  February 24, 2016

21
                                                    _____
22                                                  KENDALL J. NEWMAN
                                                    UNITED STATES MAGISTRATE JUDGE
23

24

25

26

27   _____

28   [2] This evidence may take the form a single declaration with attached timesheets for each attorney
     that worked on this matter.

3